UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JOLENE UELMEN
829 Blesch Place
Green Bay, Wisconsin 54303

      Plaintiff,

v.

CHERRY OPTICAL, INC.
1640 B Fire Lane Drive
Green Bay, Wisconsin 54311

      Defendant

Case No.: 18-cv-1265

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Jolene Uelmen, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful

employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Jolene Uelmen, is an adult female resident of the State of Wisconsin with a post office address of 829 Blesch Place, Green Bay, Wisconsin 54303.

5. Defendant, Cherry Optical, Inc., was, at all material times herein, a commercial entity with a principal address of 1640 B Fire Lane Drive, Green Bay, Wisconsin 54311

6. Defendant is an optical laboratory company.

7. Defendant owns, manages, and operates one physical location in Green Bay, Wisconsin.

8. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

9. During the relevant time periods as stated herein, Defendant employed more than two (2) employees in the State of Wisconsin.

10. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

11. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

14. On or about February 28, 2012, Defendant hired Plaintiff as a Mail Clerk.

15. In approximately August 2012, Defendant promoted Plaintiff into the position of Logistics Manager.

16. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Plaintiff's job duties included: interviewing and hiring prospective employees; conducting employee reviews; disciplining and terminating employees; coordinating and managing Defendant's delivery drivers and logistics clerks; coordinating and managing Defendant's vendors, shipments, and deliveries; and quality assurance regarding Defendant's product.

17. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Plaintiff reported directly to Adam Cherry, President.

18. During Plaintiff's employment with Defendant and in her position of Logistics Manager, she primarily performed compensable work on behalf of Defendant, with Defendant's knowledge, and/or at the direction of Defendant at both Defendant's Green Bay, Wisconsin location and at her own home.

19. On or about April 23, 2018, Defendant terminated Plaintiff's employment.

20. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff with an hourly rate of pay.

21. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

22. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

23. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Plaintiff frequently worked in excess of forty (40) hours per workweek.

24. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Defendant – particularly Adam Cherry, Lynn Cherry, Vice President, and other management personnel – knew or had knowledge that Plaintiff frequently worked more than forty (40) hours per workweek.

25. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Defendant – particularly Adam Cherry, Lynn Cherry, and other management personnel – often directed Plaintiff to perform more than forty (40) hours of work per workweek on behalf of Defendant.

26. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Plaintiff recorded her hours worked each work day via Defendant's electronic timekeeping system.

27. During Plaintiff's employment with Defendant and in her position of Logistics Manager and when Plaintiff completed recording her hours worked each workweek via Defendant's electronic timekeeping system, Lynn Cherry received and collected Plaintiff's timesheets.

28. During Plaintiff's employment with Defendant and in her position of Logistics Manager and when Lynn Cherry received and collected Plaintiff's weekly timesheets, Cherry changed or altered Plaintiff's hours worked to Plaintiff's detriment.

29. During Plaintiff's employment with Defendant and in her position of Logistics Manager and when Lynn Cherry received and collected Plaintiff's weekly timesheets, Defendant shaved time from Plaintiff's weekly timesheets by deducting and/or failing to count at least two separate fifteen (15) minutes breaks per work day as compensable time work time – resulting in Defendant shaving at least a total of thirty (30) minutes of compensable work time each work day from Plaintiff's weekly timesheets.

30. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Plaintiff frequently performed compensable work during her fifteen (15) minute breaks each work day.

31. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Defendant deducted and/or failed to count at least two separate fifteen (15) minutes breaks per work day as compensable time work time even though Plaintiff was not completely relieved from duty and/or free from work.

32. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Defendant did not compensate Plaintiff based on her actual hours worked each workweek.

33. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Defendant compensated Plaintiff based on its shaved time of Plaintiff's hours worked each workweek.

34. During Plaintiff's employment with Defendant and in her position of Logistics Manager and when Defendant compensated Plaintiff based on its shaved time of Plaintiff's hours worked each workweek, it resulted in Defendant failing to compensate Plaintiff for all hours worked in a workweek, including at an overtime rate of pay for those hours worked in excess of forty (40) hours in a workweek.

35. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Defendant did not compensate Plaintiff for all hours actually worked in a workweek, including at an overtime rate of pay for those hours worked in excess of forty (40) hours in a workweek, as Plaintiff entered into Defendant's electronic timekeeping system.

36. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Defendant's electronic timekeeping system did not, in practice, accurately record all of Plaintiff's hours worked each workweek to Plaintiff's detriment.

37. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Defendant had knowledge that Plaintiff performed compensable work on behalf of it at her own home before and/or after her normal or customary hours of work.

38. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Defendant directed Plaintiff to perform compensable work on behalf of it at her own home before and/or after her normal or customary hours of work.

39. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Plaintiff's normal or customary hours of work were approximately 8:00 a.m. to 5:30 p.m., at least five (5) days per week.

40. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Defendant directed Plaintiff to perform and/or had knowledge that Plaintiff was performing the type of compensable work as identified in Paragraph 16, above, on behalf of it at her own home before and/or after her normal or customary hours of work.

41. During Plaintiff's employment with Defendant and in her position of Logistics Manager, Defendant had knowledge the type of compensable work as identified in Paragraph 16, above, that Plaintiff performed on behalf of it at her own home before and/or after her normal or customary hours of work was not included in her weekly timesheets via Defendant's electronic timekeeping system.

42. During Plaintiff's employment with Defendant in her position of Logistics Manager and in addition to wages earned at her regular (and overtime) rates of pay, Defendant compensated Plaintiff with bi-weekly and/or monthly monetary payments, including commissions, bonuses, and/or incentives.

43. The monetary commissions, bonuses, and/or incentives that Defendant compensated Plaintiff with during her employment with it were based upon her work performance.

44. The monetary commissions, bonuses, and/or incentives that Defendant compensated Plaintiff with during her employment with it were non-discretionary in nature: the payments were made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff to encourage and/or reward her steady, rapid, productive, safe, consistent, regular, predictable, and/or efficient work performance.

45. During Plaintiff's employment with Defendant, Defendant failed to include the aforementioned non-discretionary forms of monetary compensation in Plaintiff's regular rates of pay when determining overtime compensation due to her during workweeks when she worked more than forty (40) hours during the representative time period.

46. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her with the correct overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

47. Defendant's unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff of the appropriate and lawful overtime wages and compensation due and owing to her, in violation of the FLSA and WWPCL.

48. Defendant knew or should have known that, in accordance with the FLSA and the WWPCL, it must include all forms of non-discretionary monetary compensation in Plaintiff's regular rates of pay when determining overtime compensation due to her during workweeks when she worked more than forty (40) hours.

49. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her for all hours worked in a workweek, including but not limited to, at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

50. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek, including those hours worked in excess of forty (40) hours in a workweek.

51. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek, including at an overtime rate of pay for hours worked in excess of forty (40), in accordance with the FLSA and WWPCL.

52. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which it should have been aware.

53. Defendant owes Plaintiff earned and unpaid wages, including at an overtime rate of pay (at the correct overtime rate of pay, inclusive of Defendant's non-discretionary payments to Plaintiff), for work performed during Plaintiff's employment with Defendant for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

**FIRST CAUSE OF ACTION – FLSA VIOLATIONS**
**(OVERTIME PAY: OFF-THE-CLOCK WORK; TIMESHAVING – UNPAID REST PERIODS; AND NON-DISCRETIONARY BONUSES)**

54. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

55. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

56. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

57. At all times material herein, 29 C.F.R. §785.18 was applicable to Plaintiff's employment with Defendant, which states: "Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked."

58. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek by: (1) failing to compensate Plaintiff for off-the-clock work performed on behalf of Defendant, with Defendant's knowledge, and/or at the direction of Defendant, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek; (2) shaving time from Plaintiff's daily and weekly hours of work by deducting and/or failing to count two separate fifteen (15) minute rest breaks of compensable time per work day; and (3) failing to account for and compensate Plaintiff with overtime premium pay at the correct overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek by failing to include all non-discretionary forms of compensation in Plaintiff's regular rates of pay for overtime calculation purposes.

59. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed (at the correct overtime rate of pay) was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

60. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

61. Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

62. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### SECOND CAUSE OF ACTION – WWPCL VIOLATIONS
### (OFF-THE-CLOCK WORK; UNPAID MEAL PERIODS;
### AND NON-DISCRETIONARY BONUSES)

63. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

64. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

65. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

66. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

67. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at (the correct) overtime rate of pay.

68. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for all hours worked and work performed, including at an overtime rate of pay.

69. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay, including but not limited to at the correct overtime rate of pay because Defendant failed to include all non-discretionary forms of compensation in Plaintiff's regular rates of pay for overtime calculation purposes.

70. At all times material herein, Wis. Admin. Code § DWD 274.02(3) was applicable to Plaintiff's employment with Defendant, which states: "The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a meal period where the employer does not provide at least 30 minutes free from work. Any meal period where the employee is not free to leave the premises of the employer will also be considered an on-duty meal period."

71. During Plaintiff's employment with Defendant, and when Plaintiff was provided with a rest break and/or meal period during the workday that lasted less than thirty (30) consecutive minutes free from work, Defendant failed to count or consider these rest breaks and/or meal periods during the workday as on-duty meal periods, which are compensable work time under Wis. Admin. Code § DWD 274.02(3), and instead deducted these rest breaks and/or meal periods from Plaintiff's compensable hours worked each work day.

72. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

73. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

74. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages, rest breaks, on-duty meal periods, and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendant; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 16th day of August, 2018

                                WALCHESKE & LUZI, LLC
                                Counsel for Plaintiff

                                **s/ *Scott S. Luzi***
                                James A. Walcheske, State Bar No. 1065635
                                Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com